

February 10, 2025

**VIA ECF**
Hon. Margaret M. Garnett
United States Courthouse
40 Foley Square
New York, NY 10007

**RE: Request for An Order Compelling Defendants to Respond to Post-Judgment Discovery**
    Antus v. Frontrunner Technologies, USA, Inc. (1:23-cv-7058-JMF)

Dear Judge Garnett,

This firm represents Plaintiff Antus in the above-captioned action. I write to respectfully request that this Court order all Defendants to comply with subpoenas and to respond to post-judgement discovery already served in accordance with Rule 37 of the Federal Rules of Civil Procedure. In the alternative, I respectfully request this Court permit Plaintiff to file a Motion to Compel, with attorney's fees and costs paid by Defendants.

"Discovery of a judgment debtor's assets is conducted routinely under the Federal Rules of Civil Procedure." First City, Texas-Houston, N.A. v. Rafidain Bank, 281 F.3d 48, 54 (2d Cir. 2002). Rule 69(a)(2) of the Federal Rules of Civil Procedure provides that "[i]n the aid of the judgment or execution, the judgment creditor … may obtain discovery from any person – including the judgement debtor – as provided in these rules or by the procedure of the state where the court is located." Article 52 of the New York Civil Practice Law and Rules governs the procedure for post-judgment discovery which provides that "at any time before a judgment is satisfied or vacated, the judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgement, by serving upon any person a subpoena …"

On January 3, 2025, this Court adopted Magistrate Judge Sarah L. Cave's Report and Recommendation regarding Defendants' default. On the same day, the Court Clerk filed a Clerk's Judgment in the amount of $267,980.77, plus pre-judgment interest of $58,125.03 and post-judgement interest.

On January 21, 2025, I served a Subpoena to Produce Documents to all Defendants. The Subpoena requested, amongst other things, "All bank account information including, any and all personal bank accounts in the US, Canada, or other country. Produce all documents relating to bank accounts, routing, current balances. Produce evidence of all assets. Produce PNL and balance sheet. All transactions 2020-2025. Also produce all tax returns 2020-2024." The subpoena demanded that the afore-mentioned documents be produced no later than January 31, 2025. On January 22, 2025, Defendant Nathan Elliot, CEO of both corporate defendants, responded, "The email was received. Thank you."

On January 30, 2025, the day prior to the subpoena's due date, I received an e-mail with a PDF letter attachment from Barrister and Solicitor Mr. Stefan Roman Juzkiw, of Juzkiw Law Professional Corporation based out of Toronto, Ontario. In this letter, Mr. Juzkiw indicates that he represents the Defendants and requires an additional ninety (90) days to produce the documents requested.

On January 31, 2025, in response to Mr. Juzkiw's extension request, I informed Mr. Juzkiw that would be willing to provide a 2-week extension if he could provide me with the following information:

> 1) Name, Address, Account Number, and Routing Numbers for all bank accounts held by Frontrunner Canada, Frontrunner US, and Nathan Elliot.
> 2) Current Accounts balances for all bank accounts held by Frontrunner Canada, Frontrunner US, and Nathan Elliot.
> 3) A list of all assets valued at over $10,000 owned by Mr. Elliot (trust fund, land, property, cars, watches, jewelry, etc).

Mr. Juzkiw responded that his client was not able to obtain this information and that he was working on a "settlement proposal." As of the date of the undersigned, I have warned Mr. Juzkiw of the ramifications of his clients' non-cooperation with these subpoenas, but I have not received any of the requested documents.

At this juncture, Plaintiff requires this Court's intervention to obtain the account numbers and other banking information for Mr. Nathan Elliot and his companies. Plaintiff has reason to believe that Defendants have the funds and resources to pay her, and yet continue to now string her along for payment post-judgement, just as they did for years while she was working for them.

I thank the Court for its consideration and attention to this matter.

> Respectfully Submitted,
> **DEREK SMITH LAW GROUP, PLLC.**
> *Attorneys for Plaintiff*
>
> BY: _/s/_____
> Danilo Bandovic, Esq.
> 1 Pennsylvania Plaza, 49th Floor
> New York, New York 10119

**CC, via email only:**
stefan@juzkiw.com
Stefan Roman Juzkiw
Barrister & Solicitor
Juzkiw Law Professional Corporation
346 - 4750 Yonge St.

2

Toronto, Ontario
M2N 0J6
Tel: 416-290-5055
Fax: 416-290-5059
www.juzkiw.com

> On January 3, 2025, this case was closed after the Clerk entered a final judgment against Defendants, following default proceedings and inquest. *See* Dkt. No. 53. Given the representation from counsel for Plaintiff that Defendants are now represented by counsel, it is hereby ORDERED that Defendants respond to Plaintiff's motion to compel by no later than **February 28, 2025**. If no response is filed by that date, the Court will consider the motion unopposed and is likely to grant it. In the meantime, counsel are ORDERED to continue to meet and confer on these matters so that it can be resolved short of Court intervention. Counsel for Plaintiff is ORDERED to serve this Order on Defendants, both by email to Mr. Juzkiw and by first class mail on Defendants, by no later than **February 14, 2025**, and file proof of such service on the docket by **February 18, 2025.**
>
> SO ORDERED.  Dated February 13, 2025.
>
> HON. MARGARET M. GARNETT
> UNITED STATES DISTRICT JUDGE